## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ISRAEL ALVAREZ PEREZ,
      Plaintiff,

                                **CASE NO. 6:05-cv-269-Orl-28JGG**

vs.

SANFORD-ORLANDO KENNEL CLUB
INC.; JACK COLLINS and
COLLINS & COLLINS d/b/a CCC RACING,
      Defendants.

_____/

### DEFENDANT, SANFORD-ORLANDO KENNEL CLUB, INC.; JACK COLLINS AND COLLINS & COLLINS d/b/a CCC RACING'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, <u>MOTION FOR NEW TRIAL AND MEMORANDUM</u>

Defendants, Sanford-Orlando Kennel Club, Inc., Jack Collins and Collins & Collins d/b/a CCC Racing, (hereinafter "Defendants") by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 50 (a), and 59 (a)-(e) hereby file this Renewed Motion for Judgment as a Matter of Law and Motion for New Trial and says:

1.  A jury trial in this matter was commenced on September 21, 2006 at which time the Plaintiff submitted his case in chief including any and all witness testimony and documentary evidence he had in support of his claim.
2.  Plaintiff was fully heard on all issues.
3.  At the conclusion of Plaintiff's case, by oral motion, Defendant's moved for Judgment as a Matter of Law. The Court reserved its ruling.
4.  At the conclusion of Defendant's case, upon return of a jury verdict in favor of Plaintiff, Defendant's renewed their Rule 50 (a) Motion.
5.  The Court reversed the jury verdict in favor of Defendant Jack Collins, Sr. but let stand the verdict in favor of Plaintiff against Defendant's SOKC and CCC Racing.
6.  In addition the Court, reduced the damage award to Plaintiff to $2,100.00 and, held SOKC and CCC Racing jointly and severally liable.
    Based on the above, and in consideration of the points and authorities listed below in

Defendant's Memorandum of Law, SOKC and CCC Racing renew their Motion for Judgment as a Matter of Law and respectfully submit their Motion for a New Trial, as follows:

## MEMORANDUM OF LAW

### I. BASIS FOR RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

Fed. R. Civ. P. 59 (b) provides in pertinent part as follows:

> The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after the entry of judgment – and may alternatively request a new trial or join a motion for a new trial under Rule 59. In ruling on a renewed motion the court may:
>
> 1. if a verdict was returned:
>
>    A. allow the judgment to stand,
>    B. order a new trial, or
>    C. direct entry of judgment as a matter of law;…

The Court should, for the following reasons, direct entry of a judgment as a matter of law or alternatively order a new trial.

Defendants SOKC and CCC Racing are, as a matter of law, exempt from overtime pursuant to 29 USC 213 (a)(3). Section 213 (a)(3) exempts amusement or recreational establishments if they do not operate for more than seven months in any calendar year, or during the preceding calendar year, its average receipts for any six months of such year were not more than 33 1/3 per centum of its average receipts for the other six months of such year.

#### A. Evidence Presented at Trial

During trial, evidence was submitted; without contradiction, which proved that Defendants were exempt from the overtime requirements of the FLSA under Section 213(a)(3). See Plaintiff's Exhibit 21 and Defendant's Exhibits 2 through 6. (Doc 83 and 84)

Based on the incontrovertible evidence, there was no question of material fact for the jury

to have considered and, Defendants are entitled to Judgment as a Matter of Law. As such,

Defendants move that the Court reverse or alter the jury's verdict and direct entry in favor of

Defendants and grant such other and further relief as the Court deems just and proper.


## II. BASIS FOR NEW TRIAL


**A. Law Regarding Amusement and Recreational establishment exemptions pursuant to FLSA under 29 U.S.C. § (s) 213 (a) (3).**


29 U.S.C. § (s) 213 (a) (3) provides that:

(a) the provisions of section 206 . . . and section 207 of this title shall not apply
with respect to –
    (3) any employee employed by an establishment which is an amusement
or recreational establishment, organized camp, or religious or non profit
educational conference center, if (A) it does not operate for more than seven
months in any calendar year, or (B) during the preceding calendar year, its
average receipts for any six months of such year were not more than 33 1/3 per
centum of its average receipts for the other six months of such year,. . .

Defendants had the burden of showing entitlement to the exemption. *Jeffrey v. Sarasota*

*White Sox, Inc.,* 64 F.3d 590 (11th Cir 1995). Defendants meet their burden.

### 1. Evidence Presented at Trial

a. SOKC and CCC Racing are amusement or recreational establishments.

Sports events are recreational establishments considered by Congress as covered by the

above noted exemptions. Pari-mutual racing events are expressly included. See *H.R. Rep. No.*

*871,* 89th Cong., 1st Sess. 35 (1965)

During the trial of this matter, there was specific testimony from defense witnesses

Charles Neilson, Gray Laney, Jack Collins, Jr. and Jack Collins, Sr. establishing the recreational

nature of SOKC and CCC Racing. Their testimony supported defense exhibits 2 through 6 and

Plaintiff's exhibit 21.

The relevant testimony and supporting exhibits went uncontradicted

There was no question of material fact as to whether SOKC and CCC Racing are

amusement or recreational establishments.


b. The average Receipts for SOKC and CCC Racing for 2001 through 2004.

Defense exhibits 5 and 6, which were admitted into evidence without objection, prove

that SOKC and CCC Racing's average receipts for the six months of the year, when those

businesses are not open, are less than 33 1/3 per centum of their average receipts for the half of

the year that they are open.  The supporting testimony of defense witnesses Gray Laney and Jack

Collins Jr. with respect to this material issue went uncontradicted.

It is settled that an establishment is seasonal if it satisfies the six month receipts test, <u>even</u>

if it is open for more than seven months a year.  *Brock v. Louvers and Dampers, Inc.,* 817 F.2d

1255, 1259 (6th Cir 1987).  There was no question of material fact, for the jury to consider, as to

the average receipts for SOKC and CCC Racing for the period prior to and including the

employment of Mr. Perez.

c. SOKC and CCC Racing's length of Seasonal Operations

Defendants presented incontrovertible evidence by way of exhibits 2 through 4 and

testimony from witnesses Gray Laney and Jack Collins proving that SOKC and CCC Racing, for

purposes of the exemption, operate less than seven (7) months of each year.  There was no

question of material fact as to the length of SOKC and CCC Racing's seasonal operation.

Mr. Perez was essentially the only witness for the Plaintiff and his testimony did not

address, did not contradict, nor did it create a question of material fact with respect to this crucial

issue.

Fed. R. Civ. P 59(a) states in part that

> "[a] new trial may be granted to all or any of the parties and on all or part of the issues… in an action in which there has been a trial by jury, for which new trials have heretofore been granted in actions at law in the Courts of the United States…"

A trial judge may grant a new trial "if in his [or her] opinion the verdict is against the clear weight of the evidence … or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Insurance Co. of North America v. Valente,* 933 F.2d 921 (11th Cir 1991) citing *Hewitt v. B F Goodrich Co. 732* F.2d 1554, 1556 (11th Cir 1984).

The trial judge has greater discretion in ruling on a Motion for New Trial than on a Motion for Judgment as a Matter of Law, if the verdict is against the great weight of the evidence or to prevent injustice. *Alpha Med Pharmaceuticals Corp. Arriva Pharmaceuticals,* (S. D. Fla. 2006 Case No. 03-20078-CIV-ALTONAGA/Turnoff citing *Williams v. City of Valdosta, 689* F. 2d 964, 973 (11th Cir 1982)[ "A trial judge may grant a motion for a new trial if he [or she] believes the verdict rendered by the jury was contrary to the great weight of the evidence.]

## B. Law Regarding Willfulness

Unless a civil enforcement action is commenced within two years of when the cause of action accrued, the plaintiff has the burden of proving a willful violation. 29 USC § 255. *McLaughlin v. Richard Shoe Co., 486* U.S. 128 (1988). The word "willful" refers to conduct that is "voluntary", "deliberate" or "intentional" and not merely negligent. *Ibid.*

With respect to willfulness, there was no conflicting evidence and therefore no issue of material fact for the jury to consider.

## 1. Evidence Presented at Trial

Virtually, every defense witness testified with respect to the exempt status of SOKC and CCC Racing. Gray Laney and Jack Collins, Jr. testified that a determination was sought as to the exempt status of the businesses. Their testimony which went uncontradicted and included among other things, that they sought and obtained advice from attorney William Kalish of the law firm of Ackerman-Senterfitt. Mr. Kalish advised that, in his opinion, the businesses were exempt from overtime. They also obtained the opinion of their payroll service, Paychex Inc. which also opined that the businesses were exempt.

While the issue of willfulness is a question of fact for the jury, the burden of proving willfulness is on the Plaintiff. It is not the Defendant's burden to disprove it and Mr. Perez failed <u>during his case in chief</u> and thereafter to meet his burden with respect to either of the Defendants. In addition, Defendants asserted a good faith defense and it is settled that evidence of good faith, as noted by the conduct of Mr. Collins and Mr. Laney in their effort to seek advice, is factually inconsistent with the concept of ill will. *Quirk v. Baltimore County, MD 895 F Supp. 773,* 788-89 (D.Md 1995). As such, Plaintiff cannot succeed. Plaintiff admits that he worked no hours, let alone overtime hours, for either defendant during the two years prior to filing his complaint. See Plaintiffs Exhibit 15. Without proving willfulness on the part of Jack Collins, Jr. or Christopher Collins, the managers of SOKC and CCC Racing during his employment, Plaintiff's claim is barred by the two year limitations period.

Since evidence of willfulness is absent from the record Plaintiff failed to meet his burden and, his entire claim must fail.

## C. Independent Enterprise and Joint and Several Liability

Upon Motion of Plaintiff Perez, the Court held that SOKC and CCC Racing were jointly and severally liable.

### 1. Evidence Presented at Trial

Plaintiff Perez failed to establish a unified operation or common control as defined by 29 U.S.C.203(r). There was no evidence to contradict the testimony of Charles Neilson, Gray Laney and Jack Collins, Jr. with respect to the independent nature and operation of SOKC and CCC Racing. In addition, there was no testimony showing that either SOKC or CCC Racing intended or in anyway committed to be liable for the wages of a separate entity in the enterprise. Absent this showing, joint and several liability is improper as a matter of law. *See Patel v. Wargo, 803 F.2d 632* (11th Cir 1986)

## III. CONCLUSION

Based on all of the above, it is clear that the evidence was firmly against the weight of the verdict and as a Matter of Law, Defendants are entitled to Judgment. Defendants contest the legal application of the above uncontested facts which are overwhelmingly in Defendants favor. Defendants SOKC and CCC Racing move that the Court alter, reverse or amend the Judgment against them in their favor. Alternatively, the Court should grant a new trial, and grant such other and further relief as the Court deems just and proper to avoid a clear miscarriage of justice.

Respectfully Submitted:

/s/Barnett Brooks
BARNETT Q. BROOKS, ESQ.
Bar No.: 0700061
Barnett Q. Brooks & Associates, LLC
1800 Second Street, Suite 888
Sarasota, Florida 34236
Tel.: (941) 955-0717
Fax.: (941) 366-8125
E-Mail: bqbrooks@bqbrookslaw.com
Trial Attorney for Defendants

<u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document was delivered to

the following:  Mary E. Lytle, Esq**., Pantas Law Firm, PA, 1720 South Orange Avenue, 3rd**

**Floor, Orlando, Florida 32806, on this 2nd day of October, 2006.**

> BARNETT QUINTON BROOKS
> & ASSOCIATES, LLC
>
> /s/Barnett Brooks
> By: Barnett Q. Brooks, Esq.
> Florida Bar No..: 0700061
> 1800 Second St., Suite 888
> Sarasota, FL 34236
> Tel: 941-955-0717
> Fax: 941-366-8125
> Attorney for Defendant
> E-mail: brooks@bqbrookslaw.com