**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ISRAEL ALVEREZ PEREZ,**

          **Plaintiff,**

**-vs-**                          **Case No. 6:05-cv-269-Orl-28KRS**

**SANFORD-ORLANDO KENNEL CLUB,**
**INC., COLLINS & COLLINS d/b/a CCC**
**Racing, and JACK COLLINS,**

          **Defendants.**

## ORDER

This cause comes before the Court for consideration of Magistrate Judge Karla R. Spaulding's Report and Recommendation ("R&R") (Doc. No. 145), entered on July 2, 2009, and the objection thereto (Doc. No. 146) filed by Plaintiff Israel Alverez Perez ("Perez") on July 20, 2009. Judge Spaulding summarized the relevant background of this case as follows:

> Plaintiff Perez filed suit against Defendants Sanford-Orlando Kennel Club, Inc. (SOKC), Jack Collins, and Collins & Collins d/b/a CCC Racing (CCC Racing), alleging Defendants failed to pay him overtime compensation in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. After a two-day jury trial, judgment was entered in favor of Perez against SOKC and CCC Racing, and in favor of Collins. SOKC and CCC Racing appealed the judgment, and Perez cross-appealed. The Eleventh Circuit affirmed the judgment entered in favor of Perez and Collins, and reversed the denial of liquidated damages.
>
> Perez subsequently filed a motion for attorney's fees and costs incurred on appeal. Defendants filed a response in opposition to the motion, and Perez filed a reply to Defendants' response. The Eleventh Circuit granted Perez's motion as to entitlement and remanded the motion to this Court for a determination as to the reasonable amount of attorney's fees. Perez provided copies of the relevant appellate pleadings: Perez's motion for attorney's fees (including affidavits and time sheets), Defendants' response, and Perez's reply.

(Doc. No. 145 pp. 1-2 (internal citations omitted).)

Judge Spaulding also accurately summarized the applicable law:

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated, "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id.* at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

The " 'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.' " *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Serv., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). The Court "is itself an expert on the question [of reasonable fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (internal citations omitted).

(*Id.* at pp. 2-3.)

Perez seeks an award of $68,510.00 in attorneys' fees incurred in prosecuting the appeal and does not seek an award of costs.[1] (Doc. No. 140-4 p. 9; Doc. No. 133 p. 1.) Specifically, Perez requests an hourly rate of $300.00 for Attorney Konstantine Pantas ("Pantas"), who averred that he worked 209.3 hours on the appeal. (*See* Doc. Nos. 140-2 and 140-3.) Perez also requests an hourly rate of $275.00 for Attorney Todd Budgen ("Budgen"), who averred that he worked 20.8 hours on the appeal. (Doc. No. 140-2 p. 21.)

Judge Spaulding recommended that this Court find that a reasonable hourly rate for Pantas is $300.00 and that a reasonable hourly rate for Budgen is $275.00. (Doc. No. 145 pp. 4-5.) Perez does not object to these rates. Judge Spaulding also recommended that this Court find that all of Budgen's claimed hours are reasonable. (*Id.* at 9.) Perez does not object to this recommendation. Finally, Judge Spaulding recommended that this Court reduce Pantas' claimed hours by 118.1 and find that Pantas reasonably worked 91.2 hours litigating the appeal. (*Id.*) Perez objects to Judge Spaulding's recommendation to reduce Pantas' claimed hours. (Doc. No. 146.)

Judge Spaulding reduced Pantas' hours after finding that "a majority of the research and drafting of the arguments on appeal was duplicative of work performed for the [trial court] litigation." (Doc. No. 145 pp. 6-7.) Specifically, Judge Spaulding noted that a majority of the cases cited in Perez's appellate briefs "had previously been extensively briefed to this Court in his pre- and post-trial motions" and that "much of the argument contained in the 'Principle and

---

[1] Perez originally requested $74,240.00 in attorneys' fees, but reduced his request by $5,730.00 when he conceded that he could not recover for fees incurred on unsuccessful individual liability claims. (Doc. No. 140-4 p. 9.)

Response Brief of Appellee' was copied *verbatim* from the argument contained in pre- and post-trial motions." (*Id.*) Considering the nature of the appeal and the overlap between the research and writing at the trial and appellate levels, Judge Spaulding found that Pantas reasonably expended 40 hours researching and preparing the "Principle and Response Brief of Appellee." (*Id.* at 8.) Judge Spaulding also found that Pantas reasonably expended 20 hours researching and preparing the "Reply Brief of Appellee" and the notice of supplemental authority. (*Id.*) Judge Spaulding found that the remaining 31.2 hours claimed by Pantas for miscellaneous tasks were reasonable "in the absence of objection." (*Id.* at 9.)

Pantas argues that all of his claimed hours were reasonable and necessary for the appeal. (Doc. No. 146 p. 3.) Pantas does not dispute Judge Spaulding's findings that much of the cases cited in his appellate briefs were extensively briefed to the trial court or that much of the argument contained in his appellate briefs were copied verbatim from his pre- and post-trial arguments. Instead, Pantas contends that "[t]he fact that the undersigned chose to stay with arguments made with the trial court does not mean the research did not need to be performed and was not necessary." (*Id.* at 2.) Pantas also objects to the R&R on the grounds that it "arbitrarily and capriciously reduces the amount of the attorney's fees by fifty-percent (50%)." (*Id.*) Pantas asserts that the R&R failed to acknowledge that the decision by the Eleventh Circuit was one of first impression and that the Eleventh Circuit's decision "was based upon decisions [] ultimately submitted by [Perez] in his Citation of Supplemental Authorities." (*Id.*) Finally, Pantas argues that "the evidence demonstrates that the research uncovered decisions that were not provided to the trial [c]ourt, but were ultimately utilized by the Eleventh Circuit

Court of Appeals in rendering its decision. If the work [had] already been done prior to appeal, then those decisions would have been in the documents filed with the trial [c]ourt." (*Id.*)

The Court agrees with Judge Spaulding that the total number of hours sought by Pantas is unreasonable and excessive because the majority of the research and writing performed for the appeal was duplicative of the research and writing performed during the trial. *See, e.g.*, *Action Sec. Serv., Inc. v. Amer. Online, Inc.*, No. 6:03-cv-1170-Orl-22DAB, 2007 WL 191308 (M.D. Fla. Jan. 23, 2007) (reducing excessive claim of hours for appeal by half); *Hoover v. Bank of Amer. Corp.*, No. 8:02-CV-478-T-23TBM, 2006 WL 2465398 (M.D. Fla. Aug. 24, 2006) (reducing hours billed on appeal by one-third in light of the prior work performed on the same issues). Pantas concedes that he relied on many of the same cases and arguments during the appellate proceedings that he had researched and asserted during the trial proceedings. He does not explain why his decision "to stay with arguments made with the trial court," in many cases *verbatim*, justifies billing 110.1 hours for legal research and 68 hours for drafting appellate briefs. Moreover, Pantas merely asserts that the issue before the Eleventh Circuit was one of first impression, without explaining why that fact justifies his excessive claim of hours. Finally, Pantas' argument that the Eleventh Circuit relied, in part, on cases that were not presented to the trial court does not support the 178.1 total hours he seeks for research and writing. Judge Spaulding's R&R acknowledges that Pantas performed compensable research and writing; indeed, she recommended the Court find that 60 hours was a reasonable time for research and writing of the appellate briefs. The fact that Pantas uncovered some additional decisions that were not presented to the trial court does justify 118.1 additional hours,

particularly when Pantas had already identified and briefed most of the decisions during the trial proceedings. Accordingly, the Court will approve and adopt Judge Spaulding's R&R.

Based on the foregoing, it is ORDERED as follows:

1. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. No. 145), entered on July 2, 2009, is APPROVED and ADOPTED.

2. Plaintiff Israel Alverez Perez's Objection to Report and Recommendation (Doc. No. 146), filed on July 20, 2009, is OVERRULED.

3. Pursuant to the Eleventh Circuit Court of Appeal's remand (Doc. No. 133), issued on May 27, 2008, the Court finds that $300.00 is a reasonable hourly rate for Attorney Konstantine Pantas and that $275.00 is a reasonable hourly rate for Attorney Todd Budgen. The Court also finds that Attorney Konstantine Pantas reasonably worked 91.2 hours and Attorney Todd Budgen reasonably worked 20.8 hours litigating the appeal.

4. The clerk shall enter a final judgment providing that (1) Attorney Konstantine Pantas is awarded attorneys' fees in the sum of **$27,360.00**, and (2) Attorney Todd Budgen is awarded attorneys' fees in the sum of **$5,720.00**.

5. The clerk shall close this case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on August 14, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party
Magistrate Judge Karla R. Spaulding

ANNE C. CONWAY
United States District Judge